O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK C. ELDER,<br><br>                    Petitioner,<br><br>        v.<br><br>RANDY GROUNDS, WARDEN,<br><br>                    Respondent.<br>_____ | ) NO. CV 10-990-DDP (MAN)<br>)<br>)<br>)<br>) ORDER DISMISSING PETITION<br>) AS SECOND OR SUCCESSIVE;<br>) AND DENYING CERTIFICATE OF<br>) APPEALABILITY<br>)<br>) |

Petitioner filed a habeas petition, pursuant to 28 U.S.C. § 2254,[1] on February 10, 2010 ("Petition"). The Petition is the second Section 2254 habeas petition that Petitioner has filed in this district stemming from his 1999 Los Angeles Superior Court conviction and sentence based on a violation of California Health and Safety Code § 11350(a) (possession of a controlled substance).

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition

---

[1]     Petitioner references both Section 2254 and 28 U.S.C. § 2255 as bases for habeas relief. Petitioner is a state prisoner. Section 2255 applies only to federal prisoners. Accordingly, Section 2255 is inapplicable in this case.

and any attached exhibits that the petitioner is not entitled to relief in the district court."   Rule 4, 28 U.S.C. foll. § 2254.   For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

**BACKGROUND**

On July 24, 2001, Petitioner filed a Section 2254 habeas petition in this Court in Case No. CV 01-6382-DDP (MAN) (the "First Action"). The First Action petition challenged Petitioner's Three Strikes sentence imposed in the Los Angeles Superior Court on March 30, 1999, which was based on Petitioner's conviction for possession of a controlled substance on March 15, 1999.   The First Action petition raised four habeas claims attacking the validity of Petitioner's Three Strikes sentence, including a claim based on the argument that Petitioner's 1981 second degree burglary conviction was not properly found to constitute a "strike," because the crime had been designated as a misdemeanor in the related abstract of judgment.[2]   On April 4, 2003, Judgment was entered denying the First Action petition on its merits and dismissing the First Action with prejudice.   Over a year later, Petitioner filed an untimely notice of appeal.   On September 22, 2004, the United States Court of Appeals for the Ninth Circuit dismissed the appeal for lack of jurisdiction (Case No. 04-56340).[3]

---

[2]      Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of its records and files in Petitioner's previous action filed in this district.

[3]      Pursuant to Rule 201 of the Federal Rules of Evidence, the Court also takes judicial notice of the electronic dockets for the Ninth Circuit available through the PACER system.

In this action, Petitioner again seeks Section 2254 habeas relief based on his 1999 state sentence. By a single claim alleged as Ground One, Petitioner asserts that his Three Strikes sentence is unauthorized and invalid, because his 1981 second degree burglary conviction was reduced to a misdemeanor and dismissed, and therefore, it could not constitute a "strike." The instant Petition, thus, alleges a variant of one of the sentencing claims that were raised in the First Action petition and resolved against Petitioner.

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss claim presented in second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions discussed *infra*, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition (described below), state habeas petitioners seeking relief in this district must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of a second or successive [petition]

1  only if it presents a claim not previously raised that satisfies one of

2  the grounds articulated in § 2242(b)(2)."  <u>Burton v. Stewart</u>, 549 U.S.

3  147, 153, 127 S. Ct. 793, 796 (2007).

4

5      In the First Action, Petitioner sought Section 2254 relief based on

6  the same 1999 state court conviction and sentence challenged in this

7  action, and he raises a version of one of the claims already resolved

8  adversely to him.  Accordingly, the Petition is second or successive

9  within the meaning of Section 2244(b).

10

11      Critically, Petitioner has not obtained permission from the Ninth

12  Circuit to bring this second or successive Petition, as required by

13  Section 2244(b)(3).[4]  Permission to file a second or successive petition

14  may be granted only if Petitioner makes a *prima facie* showing that:  (1)

15  the claim relies on a new, and previously unavailable, rule of

16  constitutional law, which the Supreme Court has ordered be made

17  retroactive to collateral proceedings; or (2) the factual predicate of

18  the claim could not have been discovered earlier through the exercise of

19  due diligence, <u>and</u> the facts alleged, if proven, would be sufficient to

20  establish by clear and convincing evidence that, but for the

21  constitutional error claimed, no reasonable fact-finder would have found

22  Petitioner guilty.  *See* 28 U.S.C. § 2244(b)(2)(A)(B) and (3)(C); <u>McNabb</u>,

23  576 F.3d at 1030.  To pursue a Section 2254 habeas action attacking his

24  1999 conviction and/or sentence, Petitioner must persuade the Ninth

25

26      [4]  The Court's review of the Ninth Circuit's electronic dockets
    available through the PACER system shows that Petitioner's appeal of the
27  First Action dismissal is the only Ninth Circuit action he has brought,
    and he has **not** filed any Section 2244(b) application in the Ninth
28  Circuit.

4

Circuit that one or both of these predicates exists for any claim he now wishes to raise.[5]  The Court doubts that the sentencing claim alleged in the Petition can meet Section 2244(b)'s requirements.

As Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive petition, the instant Petition must be dismissed, because this Court lacks jurisdiction to consider it.  28 U.S.C. § 2244(b); *see also* <u>Burton</u>, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider merits of a second or successive petition absent prior authorization from the circuit court).  Accordingly, IT IS ORDERED that Judgment be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case.  *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a certificate of appealability is unwarranted and, thus, is DENIED.

///

///

///

---

[5]   The Court notes that Petitioner's state direct appeal concluded on August 30, 2000, when the California Supreme Court denied review.  (*See* http://appellatecases.courtinto.ca.gov, the website for the dockets of the California appellate courts, of which this Court takes judicial notice pursuant to Fed. R. Evid. 201.)  Petitioner's limitations period, therefore, appears to have expired in late 2001. Thus, regardless of the state post-conviction proceedings Petitioner filed in 2009, the instant Petition appears to be substantially untimely under 28 U.S.C. § 2244(d)(1).

1       IT IS FURTHER ORDERED that the Clerk serve copies of this Order and

2 the Judgment herein on Petitioner.

3

4 DATED: May 11, 2010_

5

6                                   DEAN D. PREGERSON
                            UNITED STATES DISTRICT JUDGE

7 PRESENTED BY:

8

9            MARGARET A. NAGLE

10 UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28